Dear Mr. Burton:
This office is in receipt of your request for an opinion of the Attorney General in regard to commissioners to be drawn for the fall elections on the dates of October 5, November 5, and December 7, 2002. You make reference to the following statutory provisions:
R.S. 18:425 Commissioners:
 A. Number: (1) In addition to the commissioners-in-charge, at the following elections there shall be the following number of additional commissioners at each precinct:
 (a) For the gubernatorial primary and general elections, the congressional primary and general elections, and the primary and general elections for municipal officers in a parish containing a municipality with a population of four hundred seventy-five thousand or more held every four years beginning in 1994:
 (i) Four commissioners for precincts with more than three hundred registered voters.
 (ii) Three commissioners for precincts with three hundred registered voters or less.
 (b) For all elections not specifically provided for in Subparagraph (A)(1)(a), or in Part III of Chapter 6, or in Chapter 6-A or Chapter 6-B of this Code:
 (i) Three commissioners for precincts with more than three hundred registered voters.
 (ii) Two commissioners for precincts with three hundred registered voters or less.
You ask the following:
 1. Are all three election dates, October 5, November 5, and December 7 categorized as a congressional election date regardless of whether there is a congressional candidate on the ballot;
 2. Are the commissioners to be drawn to work all three elections as detailed in R.S. 18:425(A)(1)(a) or does the October 5 election fall under R.S. 18:425(A)(1)(b); and
 3. Which subparagraph will November 5 fall under if there is no race for congress due to no opposition?
While R.S. 18:402 provides that the congressional primary elections shall be held on the first Saturday in October of an election year, this was declared invalid as to federal congressional elections in Love v.Foster, 147 F.3d 383 (5 Cir, 1998) insofar as it was prior to the federally established uniform election day. In regard to the October 5th date, in Atty. Gen. Op. 99-390 this office observed as follows:
 In Love v. Foster, 147 F.3d 383 (5th Cir., 1998), the Court affirmed the District Court's decision setting dates for future congressional elections, holding that: (1) Louisiana's practice of holding, and in most instances deciding, congressional elections prior to the federally established uniform election day is in direct conflict with federal law, but the remainder of Louisiana's election code, including open primary system, is not in conflict with the Constitution or with any federal statute, and (2) unconstitutional provision is severable from the remainder of the legislation. La.R.S. 18:402, providing for the dates of "congressional elections" has not changed for state elections since the Love decision. Love only affects federal congressional elections. (Emphasis added.)
Therefore, in response to your question whether all three elections dates, October 5, November 5 and December 7, will be categorized as congressional election dates whether there is a congressional candidate on the ballot, we must conclude they would in accordance with designations set forth by state statutes.
Therefore, commissioners would be drawn for all three elections as detailed in R.S. 18:425(A)(1)(a) since it applies to elections for the gubernatorial primary and general elections, the congressional primary and general elections, and the primary and general elections for municipal officers in a parish containing a municipality with a population of four hundred seventy-five thousand or more.
As to which subparagraph November 5 will fall under if there is no race for congress due to no opposition, Nov. 5, 2002 is the congressional general election date in accordance with R.S. 18:402(A)(1)(a) despite that this office has recognized under R.S. 18:511(B) that it is provided after the close of the qualifying period for candidates in a primary election, where the number of candidates for a public office does not exceed the number of persons to be elected, the candidates for that office, or those remaining after the withdrawal of one or more candidates, are declared elected, and their names shall not appear on the ballot in either the primary or the general elections. Atty. Gen. Op. 80-859.
In summary, the dates of October 5, November 5 and December 7 are designated by statute and case law for federal elections dates, and commissioners should be selected in accordance with the provisions for elections provided for in R.S. 18:425 (A)(1)(a) despite the fact that no name will appear on the ballot for a congressional seat when one person qualifies without opposition.
We hope this sufficiently responds to your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr